UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE JONES, RICKEY ADAMS,
FELTER BLAKE, CHARLES BROWN,
JOHNNIE BUCHANAN, KETHON
COLBERT, JAMES EDWARDS,
TRACY ELISON, JAMES FIELDS,
JOSEPH FULLER, JASON GRACE,
RICKIE GRACE, JR., MILTON
HANNON, RICKY HICKS, KEVIN
HILL, MARCUS HOLLIDAY, JOSHUA
JORDAN, GARRETT JORDAN,
TERRY MCCLAIN, JAMES
MCKINNEY, TIMOTHY NORRIS,
JEROME PATTERSON, WARREN
POWELL, RUFUS SMITH, HOWARD
SMOTHERS, JR., RODERICK SPANN,
JAMAL WELLS, MARCEL WHITE,
and ALPHONSO JENKINS-YOUNG,

    Plaintiffs,

v.                                                                                  No. 3:20-cv-1330-HES-JBT

CITY OF JACKSONVILLE,

    Defendant.
_____/

## O R D E R

THIS CAUSE is before the Court on the Defendant, City of Jacksonville's ("the City) "Motion to Dismiss Amended Complaint, Motion for More Definite Statement, and Supporting Memorandum of Law" (Dkt. 8) and Plaintiffs' Response in Opposition thereto (Dkt. 7). The City contends the

Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), 12(b)(6), and 12(e). (Dkt. 8). The Court held a preliminary pretrial hearing on April 21, 2021, where arguments were heard on the issues presented by the Motion.

## I.

The Plaintiffs are African American males currently or previously employed by the City as firefighters/paramedics or firefighters/EMTs who suffer from Pseudofolliculitis Barbae ("PFB"), a medical condition that causes pain, bumps, scarring and deformities on the skin of afflicted men if they shave with a razor to achieve a completely "clean shave." (Dkt.7, ¶¶ 24-25, 33-34). PFB affects primarily African American men.

The Jacksonville Fire Department ("JFD") has a policy that requires every active duty firefighter to be clean shaven, meaning they may have no facial hair whatsoever. (*Id.*). Plaintiffs must be able to pass a "fit test" to ensure that their positive pressure self-contained breathing apparatus is properly fitted. As the Plaintiffs explain, if there is a proper fit, oxygen is prevented from escaping the mask. (*Id.* at ¶ 37).

The Plaintiffs previously sought an accommodation that would allow them to have "close cropped facial hair that was barely noticeable as long as they passed . . . the 'fit test.'" (*Id.* at ¶ 37). In April 2015, the City allowed this

2

accommodation. Despite the accommodation, Plaintiffs each took a fit test and passed it on numerous occasions. (*Id.* at ¶ 38). The Plaintiffs further allege they properly performed their jobs with the accommodation. (*Id.* at ¶ 40).

On January 12, 2016, the City withdrew the accommodation purportedly because it violated the standards set by the Occupational Safety and Health Administration (OSHA). (Dkt. 8). The Plaintiffs claim this reasoning is false. (Dkt. 7, ¶ 45). When the Plaintiffs objected to the withdrawal of the accommodation, they were informed that they would be placed on light duty with reduced pay and prohibited from taking promotional tests until they were clean shaven. (*Id.*, at ¶ 46). Thus, Plaintiffs allege they "were forced to choose between working as career firefighters and earning a living, and shaving, which results in significant pain, skin irritation, and lasting damage to their skin." (*Id.* at ¶ 52).

Plaintiffs now sue, alleging racial discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act, as amended ("ADAAA").

## II.

To survive a motion to dismiss, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting this pleading standard, the Supreme

Court has explained that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The pleadings should give the opposing party "fair notice of what the . . . claim is and grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## III.

First, the City argues that the Plaintiffs have not plead sufficient facts to establish they each have standing to sue. The Court agrees.

Both the ADAAA and Title VII require the pre-suit filing of a complaint with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C.A. § 2000e-5(f)(1). After a right-to-sue letter has been issued by the EEOC, a plaintiff has ninety days to bring his or her lawsuit. *Id.* The Amended Complaint alleges that the "Plaintiffs filed their Charge of Discrimination with the EEOC, in January 2016. On August 25, 2020, EEOC issued its right-to-sue letter on the Charge of Discrimination. Therefore this complaint is being filed within 90 days of Plaintiff [sic] receiving their right-to-sue letter." (Dkt. 7, ¶

4

20).

There are twenty-nine (29) Plaintiffs. The Amended Complaint does not identify which plaintiff(s) filed a charge, who received a right-to-sue letter or when these events occurred. Without additional information, discovery undertaken *may* be unduly cumbersome and ultimately irrelevant. The aggrieved firefighters may have their day in Court; but so too is the City entitled to prepare its defense.

The Plaintiffs are directed to plead which of the Plaintiffs filed a charge with the EEOC, and which Plaintiffs received a right-to-sue letter. Furthermore, the Plaintiffs are directed to plead with particularity which of the Plaintiffs (if any) are "piggybacking" on the filing of an EEOC charge by another Plaintiff. *See Gitlitz v. Compagnie Nat'l Air France*, 129 F.3d 554, 557-58 (11th Cir. 1997) (explaining a plaintiff that has not filed a charge with the EEOC may "piggyback" where another plaintiff who faced like discriminatory treatment in the same time frame files a timely charge with the EEOC specifying he is filing on behalf of others similarly situated).

Turning to the alleged conduct itself, in the two-count Amended Complaint, Plaintiffs allege both disparate-impact and disparate-treatment claims under the ADAAA and Title VII. (Dkt. 7, ¶¶ 47, 49, 60, 61, 67, 69, 85, 89). However, the impact and treatment claims under each statute are grouped

together under a singular count—Count I for violating Title VII and Count II for violating the ADAAA. In relation to Count II, the Plaintiffs also allege they were "regarded as" having a disability, an distinct cause of action. *D'Angelo v. CongAgra Foods Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005). *See* Dkt. 7 ¶ 74. Thus, three potential separate theories of relief are contained within Count II as it stands.

Additionally, both counts "reincorporate and adopt [the] allegations contained within paragraphs 1 through 63 above," and do not allege specific facts relevant to each count. (Dkt. 7, ¶¶ 64, 71). For these reasons, the Plaintiffs argue that the pleading is a deficient, shotgun pleading. (Dkt. 8).

The Eleventh Circuit has explained shotgun pleadings fall into four categories, two of which are relevant here.

> The most common type. . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. . . . [Another] type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Plaintiffs' Amended Complaint contains the "sins" of both identified categories. *Id.*

While disparate-impact and disparate-treatment claims may be pled alternatively, "the factual issues, and therefore the character of the evidence presented differ" thus, "courts must be careful to distinguish between [disparate-treatment and disparate-impact claims]." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) (quotations and citation omitted). The remedies available under each theory are also different. 42 U.S.C.A. § 1981a(a). Thus, the Plaintiffs are directed to split their claims and provide an individual count for each theory of relief under Title VII and ADAAA. The Plaintiffs are further directed to specify which facts apply to each count in their Second Amended Complaint.

## IV.

In conclusion, the Court finds a repleader would aid both parties in the discovery process, promote judicial economy[1] and, ultimately, clarify matters for a jury. It is the duty of the Court "to define the issues at the earliest stages of the litigation by ordering the repleading of a shotgun complaint." *Barmapov v. Amuial*, 968 F.3d 1321, 1324, 1328 (11th Cir. 2021) (Tjoflat, J., concurring)

---

[1] *See Barmapov v. Amuial*, 968 F.3d 1321, 1324 (11th Cir. 2021) (noting the Federal Rules of Civil Procedure "were written for the benefit of the court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted," and whether evidenced introduced at trial is relevant.").

…

(citations and quotations omitted). Specificity at the outset ensures the discovery untaken is tailored to the causes of action. *Id.* at 328-29. Accordingly, it is hereby **ORDERED**:

1. The City's Motion to Dismiss (Dkt. 8) is **GRANTED**;

2. The Amended Complaint (Dkt. 7) is **DISMMISSED without prejudice**;

3. The Plaintiffs are directed to replead their causes of action in conformance with this Order.

4. The Second Amended Complaint should be filed **within twenty-one (21) days of the entry date of this Order**.

5. Following the anticipated filing of the Second Amended Complaint, the parties are directed to meet and confer and file a new case management report.

**DONE and ORDERED** in Jacksonville, Florida, this 21st day of April, 2021.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

**Copies to:**
Anthony J. Hall, Esq.
Bruce A. Mount, Jr.
Sean B. Granat, Esq.
Adina Teodorescu, Esq.
Sonya Harrell, Esq.
Laura J. Boeckman, Esq.

8