UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE JONES, RICKEY
ADAMS, FELTER BLAKE, CHARLES
BROWN, JOHNNIE BUCHANAN,
KETHON COLBERT,JAMES
EDWARDS, TRACY ELLISON,
JAMES FIELDS, JOSEPH FULLER,
JASON GRACE, RICKIE GRACE, JR.,
MILTON HANNON, RICKY HICKS,
KEVIN HILL, MARCUS HOLLIDAY,
JOSHUA JORDAN, GARRETT JORDAN,
TERRY MCCLAIN, JAMES MCKINNEY,
TIMOTHY NORRIS, JEROME
PATTERSON,WARREN POWELL,
RUFUS SMITH, HOWARD SMOTHERS,
JR., RODERICK SPANN,JAMAL
WELLS, MARCEL WHITE, and
ALPHONSO JENKINS-YOUNG,

      Plaintiffs,

v.                                              Case No.: 3:20-cv-01330-J-20JBT

CITY OF JACKSONVILLE.

      Defendant.
_____/

## SECOND AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

     Plaintiffs TERRANCE JONES, RICKEY ADAMS, FELTER

BLAKE, CHARLES BROWN, JOHNNIE BUCHANAN, KETHON

COLBERT, JAMES EDWARDS, TRACY ELLISON, JAMES FIELDS,

JOSEPH FULLER, JASON GRACE, RICKIE GRACE, JR., MILTON

HANNON, RICKY HICKS, KEVIN HILL, MARCUS HOLLIDAY, JOSHUA JORDAN, GARRETT JORDAN, TERRY MCCLAIN, JAMES MCKINNEY, TIMOTHY NORRIS, JEROME PATTERSON, WARREN POWELL, RUFUS SMITH, HOWARD SMOTHERS, JR., RODERICK SPANN, JAMAL WELLS, MARCEL WHITE, ALPHONSO JENKINS-YOUNG ("Plaintiffs"), by and through undersigned counsel, hereby file this Second Amended Complaint against Defendant CITY OF JACKSONVILLE ("Defendant"), and states as follows:

## **INTRODUCTION**

1.      This is an action to remedy discrimination based on disability, race and color, pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), Title VII of the Civil Rights Act of 1991, 42 U.S.C. §200e *et seq*. ("Title VII"), and for the violation of their rights to be free from racial and disability discrimination and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

2.      Jurisdiction of this matter arises pursuant to 28 U.S.C.
§1331 with federal questions involving Title VII, and the ADAAA, 28
U.S.C. § 1367. An express grant of federal court jurisdiction over
these federal claims is found in Title VII at 42 U.S.C.
§2000e-5(f)(3).

3.      This Court has jurisdiction over Plaintiffs' claims because
at all times material to this Complaint, Plaintiffs worked for Defendant
in Duval County, Florida.

4.      The illegal conduct complained of and the resultant injury
occurred within the judicial district in and for Duval County, Florida.

## PARTIES

5.      Plaintiffs are adult individuals who reside in Jacksonville,
Duval County, Florida.

6.      Defendant CITY OF JACKSONVILLE is and was, at all
relevant times, operating in Duval County, Florida and is within the
jurisdiction of this Court. Therefore, venue is proper in this Court.

7.      The City of Jacksonville is responsible for the Fire
Department of the City of Jacksonville, an agency it maintains,
operates, and governs.

8.     Plaintiffs are employed as Firefighters/Paramedics or Firefighters/EMTs ("firefighters") by the City of Jacksonville.

9.     Plaintiffs are African American males.

10.    Plaintiffs are each members of the Jacksonville Brotherhood of Firefighters, a Chapter of the International Association of African-American Professional Fire Fighters ("JBOF").

11.    Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

12.    At all times material to this action, Plaintiffs were "employees" of Defendant within the meaning of the ADA.

13.    At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA.

14.    At all relevant times, the City acted through its agency, to commit the acts alleged in this Complaint and was responsible for such acts.

## TITLE VII AND ADAAA STATUTORY PREREQUISITES

15.    Plaintiffs are African American male individuals who suffered discrimination based on their race and disability. As such, they are members of a class of individuals protected by Title VII and the ADAAA.

16.    Plaintiffs were qualified for their position of employment as firefighters.

17.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the ADAAA.

18.    Plaintiffs meet the statutory criteria for coverage as an "employee" under Title VII and the ADAAA.

19.    The Jacksonville Brotherhood of Fire Fighters filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 4, 2016, on behalf of Black qualified individuals with a disability who had been subjected to race discrimination and retaliation and denied a reasonable accommodation of their disabilities.

20.    Plaintiff, TERRANCE JONES, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

21.    Plaintiff, RICKEY ADAMS, as a member of the Jacksonville Brotherhood of Fire Fighters, timely filed his Charge of Discrimination with the EEOC on February 4, 2016.

22.    Plaintiff, FELTER BLAKE, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

23.    Plaintiff, CHARLES BROWN, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

24.    Plaintiff, JOHNNIE BUCHANAN, as a member of the Jacksonville Brotherhood of Fire Fighters, timely filed his Charge of Discrimination with the EEOC on February 4, 2016.

25.    Plaintiff, KETHON COLBERT, timely filed his Charge of Discrimination with the EEOC on January 22, 2016.

26.    Plaintiff, JAMES EDWARDS, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

27.    Plaintiff, TRACY ELLISON, timely filed his Charge of Discrimination with the EEOC on January 22, 2016.

28.    Plaintiff, JAMES FIELDS, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

29.    Plaintiff, JOSEPH FULLER, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

30.    Plaintiff, JASON GRACE, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

31.    Plaintiff, RICKIE GRACE, JR., timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

32.    Plaintiff, MILTON HANNON, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

33.    Plaintiff, RICKY HICKS, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

34.    Plaintiff, KEVIN HILL, timely filed his Charge of Discrimination with the EEOC on January 22, 2016.

35.    Plaintiff, MARCUS HOLLIDAY, timely filed his Charge of Discrimination with the EEOC on January 22, 2016.

36.    Plaintiff, JOSHUA JORDAN, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

37.    Plaintiff, GARRETT JORDAN, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

38.    Plaintiff, TERRY MCCLAIN, timely filed his Charge of Discrimination with the EEOC on January 23, 2016.

39.    Plaintiff, JAMES MCKINNEY, as a member of the Jacksonville Brotherhood of Fire Fighters, timely filed his Charge of Discrimination with the EEOC on February 4, 2016.

40.     Plaintiff, TIMOTHY NORRIS, timely filed his Charge of Discrimination with the EEOC on January 24, 2016.

41.     Plaintiff, JEROME PATTERSON, timely filed his Charge of Discrimination with the EEOC on January 21, 2016.

42.     Plaintiff, WARREN POWELL, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

43.     Plaintiff, RUFUS SMITH, timely filed his Charge of Discrimination with the EEOC in 2016.

44.     Plaintiff, HOWARD SMOTHERS, JR., is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

45.     Plaintiff, RODERICK SPANN, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

46.     Plaintiff, JAMAL WELLS, timely filed his Charge of Discrimination with the EEOC on January 25, 2016.

47.    Plaintiff, MARCEL WHITE, timely filed his Charge of Discrimination with the EEOC on January 22, 2016.

48.    Plaintiff, ALPHONSO JENKINGS-YOUNG, is a member of the Jacksonville Brotherhood of Fire Fighters and similarly situated to the class of employees identified in that timely filed Charge of Discrimination.

49.    On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to the Jacksonville Brotherhood of Fire Fighters and therefore, to its members piggy backing on its Charge of Discrimination in this lawsuit: JOHNNIE BUCHANAN, JAMES EDWARDS, JAMES FIELDS, RICKY HICKS, JAMES MCKINNEY, MILTON HANNON, HOWARD SMOTHERS, JR., RODERICK SPANN, and ALPHONSO JENKINGS-YOUNG.

50.    On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, TERRANCE JONES.

51.    On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, RICKEY ADAMS.

52.    On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, FELTER BLAKE.

53.    On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, CHARLES BROWN.

54.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, KETHON COLBERT.

55.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, TRACY ELLISON.

56.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, JOSEPH FULLER.

57.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, JASON GRACE.

58.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, RICKIE GRACE, JR.

59.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, KEVIN HILL.

60.     On August 26, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, MARCUS HOLLIDAY.

61.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, JOSHUA JORDAN.

62.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, GARRETT JORDAN.

63.     On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, TERRY MCCLAIN.

64.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, TIMOTHY NORRIS.

65.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, JEROME PATTERSON.

66.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, WARREN POWELL.

67.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, RUFUS SMITH.

68.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, JAMAL WELLS.

69.   On August 25, 2020, the EEOC issued a Dismissal & Notice of Rights to Plaintiff, MARCEL WHITE.

70.   Therefore, the initial Complaint in this action was filed within 90 days of Plaintiffs receiving their right-to-sue letter.

71.   Accordingly, Plaintiffs have complied with all other Tile VII and ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## GENERAL ALLEGATIONS

72.   At all times material, Defendant acted with malice and with reckless disregard for Plaintiffs' federally protected rights.

73.   Plaintiffs have retained THE LEACH FIRM, P.A., to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

74.   Plaintiffs are all African American firefighters who suffer from Pseudofolliculitis Barbae, a disabling or "perceived" disability" condition under the ADAAA that affects up to 85% of African American men.

75.   Pseudofolliculitis Barbae is a medical condition that causes significant pain, severe bumps, scarring, and deformities on the skin of afflicted individuals if they shave with a razor in order to be completely clean shaven.

76.   Plaintiffs were each employed by Defendant as a Firefighters/Paramedics or Firefighters/EMTs during all relevant times.

77.   Plaintiffs bring these claims for race discrimination in violation of Title VII and for disability discrimination against Defendant for its unlawful discrimination of Plaintiffs based upon their disability or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"). Plaintiffs are seeking damages including lost wages, compensatory damages, punitive damages, injunctive relief and their attorneys' fees and costs.

## FACTS

78.   Plaintiffs are all African American males.

79.   Plaintiffs all suffer from the medical condition of Pseudofolliculitis Barbae, a disabling condition under the ADAAA.

80.   This condition affects primarily African American men in which shaving their face with a razor causes inflammation and bumps to develop. Specifically, the symptoms of Pseudofolliculitis Barbae include clusters of small, red, or dark bumps around the hair follicles, leaving the surrounding skin often red and inflamed. As a result, African American men with this condition are recommended not to shave with a razor or be clean shaven. Instead, African American men with Pseudofolliculitis Barbae are recommended to allow their beard to grow to avoid the debilitating results of using a razor to be clean shaven.

81.   The Jacksonville Fire Department currently maintains a policy whereby every active duty firefighter, including African American firefighters with Pseudofolliculitis Barbae, is required to be clean shaven.

82.   "Clean shaven" is defined under this policy as having no facial hair whatsoever, and the policy requires active duty firefighters to use a razor to meet that standard.

83. As African American firefighters with Pseudofolliculitis Barbae, Plaintiffs cannot shave with a razor and are medically recommended to grow a beard to avoid triggering the effects of their medical condition.

84. Defendant's shave policy therefore disproportionality adversely affects African American firefighters as well as those with disabilities.

85. Beginning in April 2015, Plaintiffs all received an accommodation due to their disability that permitted them to have close cropped facial hair or a short beard that was barely noticeable, if they passed what is called the "fit test."

86. The "fit test" refers to a test that the department administers to gauge the fit of the positive pressure self-contained breathing apparatus ("SCBA") masks on the face of a firefighter.

87. If the mask fits properly, then oxygen would not escape from the mask and the fit test would be passed.

88. Each Plaintiff took and passed a fit test on numerous occasions.

89. By the Fire Department's own metric, the Plaintiffs could all perform their job functions with the simple accommodation that they were afforded, i.e., being permitted to have a short beard but not clean

shaven.

90.    Plaintiffs aptly performed their job functions with the accommodation provided regarding the clean shave policy.

91.    Each day Plaintiffs worked, they were subject to visual inspections by their supervisors, who observed that the barely noticeable facial hair worn by Plaintiffs conformed to the accommodation granted to them.

92.    However, on January 12, 2016, Plaintiffs each received a Memorandum from Kelli O'Leary, Director, Employee Services, for the City of Jacksonville Fire and Rescue Department, stating that effective immediately, the disability accommodation granted in April 2015, is now being denied.

93.    As a consequence of Defendant's actions, Plaintiffs' accommodations were unilaterally revoked, and Plaintiffs were expected to be clean shaven with a razor's shave.

94.    Defendant declared that there would be no exception to the clean shave policy for any reason as having any amount of facial hair would impact the fit of an SCBA mask.

95.    Defendant based its decision on alleged OHSA violations. This reason was false. Every Plaintiff passed a fit text, passed daily visual inspections at the firehouse, and was able to perform their job

functions.

96.   When the Plaintiffs objected to this treatment, they were informed that they would be placed on light duty, which preventing them from working as firefighters. Additionally, Plaintiffs would be prohibited from taking promotional test until they were clean shaven. More importantly, Plaintiffs' had their pay reduced while on light duty.

97.   The position taken by the Department is a farce and aimed at discriminating against Plaintiffs and coercing them by taking away their ability to earn a living.

98.   There was no analysis of any of the Plaintiffs' accommodations before they were unilaterally revoked.

99.   Indeed, Defendant did not engage in any further interactive processes with Plaintiffs to determine if a further accommodation could be made regarding Plaintiffs' disabilities.

100.   This newfound stance on the shave policy was not grounded in any legitimate workplace need, but rather a desire to discriminate against Plaintiffs.

101.   Undeniably, should the affected firefighters be placed on light duty, they would represent a significant portion of the African American membership at the Jacksonville Fire Department.

102.   Plaintiffs were told that they would no longer be accommodated and were required to be clean shaven as defined by using a razor to shave.

103.   Plaintiffs were forced to choose between working as career firefighters and risking their health by shaving with a razor, which results in significant pain, skin irritation, and lasting damage to their skin.

104.   Plaintiffs were all afforded a medical accommodation to the shave policy due to their medical condition and were permitted to maintain very slight and barely noticeable facial hair.

105.   Plaintiffs' trimmed their facial hair to the point where it was at best stubble.

106.   With the accommodation, Plaintiffs were able to perform all their job functions without any undue hardship to the Defendant.

107.   Each of the Plaintiffs successfully passed a fit test that certified each Plaintiff could wear an oxygen mask with the slight facial hair without any leakage of air.

108.   Even though Plaintiffs performed their job function with the accommodation without any hardship to Defendant, Defendant without any notice, legitimate reason, or rational basis, unilaterally canceled the disability accommodation.

109.   Defendant did not engage in any analysis, consideration, or review of the disability accommodation.

110.   Plaintiffs were told that, suddenly, there were no exceptions to the shave policy and that the Plaintiffs were in direct violation of the policy.

111.   Defendant's actions were aimed at discriminating against African American firefighters as their policy affected only African American firefighters within the Jacksonville Fire Department.

112.   Defendant has never unilaterally reversed its decision to grant a disability accommodation of an employee with a disability as it did with Plaintiffs in this instance.

113.   Plaintiffs each had on January 12, 2016 and still have currently, the disabling condition, Pseudofolliculitis Barbae.

114.   The Defendant's conduct of implementing a new policy on January 12, 2016 that every active duty firefighter, including African American men with Pseudofolliculitis Barbae, is required to be clean shaven, had a disparate impact upon African American firefighters as nearly every African American firefighter was targeted by this sudden and unlawful change in policy.

115.   Even if Defendant's shave policy was facially neutral, it nonetheless disproportionally negatively affected African American

firefighters such as Plaintiffs.

116.   Defendant has no legitimate business justification for its neutral shave policy.

117.   Defendant's shave policy has a disproportionately negative impact on African American firefighters causing them to suffer adversely, as they were either reassigned, and forced to choose between their health or their livelihood and serving the City they love.

118.   Plaintiffs and other African American firefighters now must shave with a razor and endure painful bumps on their skin, irritated skin conditions, and scarring on their skin because of the department's unlawful policies.

119.   Defendant's actions in changing the shave policy in January 2016 after allowing the disability accommodation was intentional and intended to adversely affect African American firefighters.

## COUNT I – RACE DISCRIMINATION UNDER TITLE VII (DISPARATE TREATMENT)

120.   Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 113 and 119, above.

121.   Defendant City of Jacksonville, by and through the Jacksonville Fire Department, intentionally discriminated against Plaintiffs on the account of their race.

122. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiffs as set forth herein.

123.   As a result of Defendant's discriminatory acts and practices, Plaintiffs have suffered and continue to suffer harm and economic losses, as well as other monetary benefits, impairment to their names, reputations, and emotional harm and psychological trauma, with associated physical symptoms.

124. Defendants intentionally discriminated against Plaintiffs with malice and reckless indifference to Plaintiffs' rights thereby entitling Plaintiffs to punitive damages.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT II – RACE DISCRIMINATION UNDER
## TITLE VII (DISPARATE IMPACT)

125.   Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 118, above.

126.   Defendant City of Jacksonville, by and through the Jacksonville Fire Department, discriminated against Plaintiffs on the account of their race.

127.   Indeed, by virtue of Defendant's actions that constitute a disparate impact claim towards African American firefighters, as alleged above, Defendant's actions constitute race discrimination in employment in violation of Title VII.

128.   Defendant's employment practices, even if racially neutral, have the effect of disproportionately targeting African American firefighters.

129.   Defendant knew or should have known that its shave policy had the effect of unlawful discrimination against African American firefighters and those with disabilities.

130.   Defendant has no legitimate business justification for implementing its discriminatory shave policy.

131.   The above discrimination was done by Defendant with a reckless disregard for Plaintiffs' rights under federal law. As a direct and

proximate result of the discrimination described above, Plaintiffs have suffered and continues to suffer loss of income and loss of other employment benefits. Unless enjoined by order of this Court, Defendant will continue to pursue policies and practices that are discriminatory.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Injunctive relief;

      d.  Prejudgment interest;

      e.  Costs and attorney's fees; and

      f.  Such other relief as the Court may deem just and proper.

## COUNT III - DISCRIMINATION UNDER THE ADAAA (DISPARATE TREATMENT)

132.  Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 113 and 119, above.

133.  Plaintiffs have a bona fide disability that affects a major life function, namely the ability to shave, skin condition, and skin deformity.

134.  Plaintiffs have been discriminated against by the Defendant due to their bonafide disability in violation of Federal law.

135.  Defendant acknowledged Plaintiffs were disabled and

accordingly accommodated Plaintiffs' disability for over a year without incident.

136. Yet, Defendant withdrew Plaintiffs' disability accommodation and failed to engage in the interactive process to determine whether any further accommodation could be given to Plaintiffs without creating an undue hardship to Defendant.

137. Moreover, Defendant regarded Plaintiffs as having a disability when they denied them an accommodation and/or when Defendants unilaterally reassigned Plaintiffs from the firehouse to light duty due to their disability and/or having regarded the Plaintiffs as disabled.

138. Plaintiffs are protected by the ADAAA:

    a. Plaintiffs were disabled or "perceived as disabled" employees who suffered discrimination because of their disability or "perceived disability" by Defendant; and

    b. Plaintiffs suffered an adverse employment action as a result of their disability or "perceived disability."

139. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

140. Plaintiffs' medical conditions are a protected disability under the ADAAA, as amended. See 42 U.S.C. § 12102.

141. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

142. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiffs' employment as envisioned by the ADAAA.

143. Alternatively, Defendant perceived Plaintiffs as being "disabled," and therefore, unable to perform the essential functions of their positions, even though Plaintiffs could perform same with a reasonable accommodation.

144. Pleading in the alternative, Plaintiffs' impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

145. Pleading in the alternative, Plaintiffs' medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

146. Defendant does not have a non-discriminatory rationale for denying Plaintiffs' accommodation request.

147. Plaintiffs were disabled individuals, or otherwise perceived as disabled by Defendant, during their employment. Therefore, they are members of protected classes as envisioned by the ADA.

148. Plaintiffs suffered sufficiently severe and pervasive treatment because of their disability and/or "perceived disability," and request for accommodation regarding same.

149. The acts of Defendant, by and through its agents and employees, violated Plaintiffs' rights against disability discrimination under the ADAAA.

150. The discrimination to which Plaintiffs were subjected was based on their disability and/or "perceived disability."

151. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiffs, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

152. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiffs, as to entitle them to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

153. Plaintiffs are entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

154. Plaintiffs' have retained THE LEACH FIRM, P.A. to represent Plaintiffs in the litigation and have agreed to pay the firm a

reasonable fee for its services.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV – DISCRIMINATION UNDER THE ADAAA (DISPARATE IMPACT)

155.   Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 118, above.

156. Defendant City of Jacksonville, by and through the Jacksonville Fire Department, discriminated against Plaintiffs on the account of their disability.

157.   Indeed, by virtue of Defendant's actions that constitute a disparate impact claim towards disabled firefighters, as alleged above, Defendant's actions constitute disability discrimination in employment

in violation of the ADAAA.

158.   Defendant engaged in unlawful employment practices prohibited by discriminating against Plaintiffs as set forth herein.

159.   Defendant's employment practices, even if facially neutral, have the effect of disproportionately targeting disabled African American firefighters.

160.   Defendant knew or should have known that its shave policy had the effect of unlawful discrimination against African American firefighters with disabilities.

161.   Defendant has no legitimate business justification for implementing its discriminatory shave policy.

162.   The above discrimination was done by Defendant with a reckless disregard for Plaintiffs' rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiffs have suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits. Unless enjoined by order of this Court, Defendant will continue to pursue policies and practices that are discriminatory.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Injunctive relief;

d.   Prejudgment interest;

e.   Costs and attorney's fees; and

f.   Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury.

Dated this 12th day of May, 2021.

> ***/s/ Anthony J. Hall***
> **ANTHONY J. HALL, ESQ.**
> Fla. Bar No. 40924
> **BRUCE A. MOUNT, ESQ.**
> Bruce A. Mount, Esq.
> FL Bar No. 88754
> **THE LEACH FIRM**
> 631 S. Orlando Ave., Ste. 300
> Winter Park, FL 32789
> Tel: 407-543-6817
> Fax: 321-594-7316
> Email: ahall@theleachfirm.com
> Email: bmount@theleachfirm.com
> Email: npacheco@theleachfirm.com
> Email: yhernandez@theleachfirm.com
>
> ***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of May, 2021, the foregoing was filed via the CM/ECF system which will serve a true and correct copy to the following: Sean Granat, Deputy General Counsel, sgranat@coj.net; Adina Teodorescu, Assistant General Counsel, teodores@coj.net; Sonya Harrell, Assistant General Counsel Florida, sonyah@coj.net; Laura Boeckman, Assistant General Counsel, lboeckman@coj.net, *Counsel for Defendant*.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924