UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE JONES, et al.,

     Plaintiffs,

v.                         Case No. 3:20-cv-01330-HES-JBT

CITY OF JACKSONVILLE,

     Defendant.

_____/

## O R D E R

**THIS CAUSE** is before this Court on Defendant City of Jacksonville's "Motion for Judgment on the Pleadings and Supporting Memorandum of Law" (Dkt. 35), Plaintiffs' Response in opposition (Dkt. 36), and Defendant's Reply (Dkt. 40). Upon review of the parties' filings and the relevant case law, this Court determines the following.

I.    Background

The Occupational Safety and Health Administration ("OSHA") is the entity responsible for setting and enforcing safety and health standards in workplaces through the Occupational Safety and Health Act ("OSH Act"). Federal OSHA standards cover most private sector workers. 29 U.S.C. § 653(a). State and local government workers, however, are not covered under the OSH Act. *Id.* § 652(5), (6). This includes state, municipal, or volunteer fire

departments. Maria Colivita, *Standard Interpretations: Federal OSHA Has No Jurisdiction Over State, Municipal, or Volunteer Fire Departments*, United States Dep't. of Labor, Occupational Safety & Health Admin. (Dec. 30, 1991), https://www.osha.gov/laws-regs/standardinterpretations/1991-12-30-0 (last visited January 10, 2023).

The OSH Act allows a state to establish and administer its own job safety and health programs ("State Plan") if the plan meets minimum federal requirements. 29 U.S.C. § 667(b), (c). Employers[1] must comply with regulations and standards of either the applicable State Plan or, if no State Plan is in place, regulations set forth by OSHA. *Id.* § 654. Further, states may regulate any safety or health issue not specifically included in the federal standards, even if no State Plan is in place. *Id.* § 667. According to OSHA's website, Florida does not have an OSHA-approved State Plan. *State Plans*, United States Dep't. of Labor, Occupational Safety & Health Admin., https://www.osha.gov/stateplans (last visited January 10, 2023).

OSHA provides regulations for personal protective equipment. 29 C.F.R. § 1910.134. Firefighters wear respirators, otherwise known as positive

---

[1] "The term 'employer' means a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service) or any State or political subdivision of a State." 29 U.S.C. § 652(5).

2

pressure self-contained breathing apparatuses ("SCBA"), to breathe in the smoke-filled environments in which they work. *Id.* § 1910.134(g)(4)(iii). For the SCBA to work effectively, it must properly seal to the wearer's face. 29 C.F.R. § 1910.134. The OSHA regulation on the proper use of respirators states,

> an employer shall not permit respirators with tight-fitting facepieces to be worn by employees who have: (A) Facial hair that comes between the sealing surface of the facepiece and the face or that interferes with valve function; or (B) Any condition that interferes with the face-to-facepiece seal or valve function.

§ 1910.134(g)(1)(i)(A)-(B).

While Florida does not have an OSHA-approved State Plan, it has adopted certain OSHA regulations. Important for this case, Florida adopted 29 C.F.R. § 1910.134 through Florida Administrative Code 69A-62.001.

## II.    Procedural History

Plaintiffs are employed as firefighters/paramedics or firefighter/EMTs by the City of Jacksonville ("City"). (Dkt. 28 ¶ 76.) Plaintiffs are all African American males who suffer from a medical condition known as Pseudofolliculitis Barbae ("PFB"), a condition that affects up to 85% of African American men. (*Id.* ¶ 74.) PFB causes significant pain, severe bumps, scarring, and deformities on the skin of afflicted individuals if they are clean shaven or continually shave with a razor. (*Id.* ¶ 75.) Individuals diagnosed with this condition are advised to grow a beard to avoid triggering the effects of PFB. (*Id.* ¶ 83.)

3

Beginning in April 2015, Plaintiffs received an accommodation from the City of Jacksonville Fire and Rescue Department ("JFRD") that permitted them to have close cropped facial hair or a short beard because of their disability, so long as they passed a "fit test." (*Id.* ¶ 85.) The "fit test" was a test the department administered to gauge the fit of the SCBA masks on the face of a firefighter. (*Id.* ¶ 86.) If oxygen did not escape from the mask, the individual passed the fit test. (*Id.* ¶ 87.) Each Plaintiff took and passed a fit test. (*Id.* ¶ 88.)

In January 2016, Plaintiffs received notice the City rescinded the accommodation, effective immediately. (*Id.* ¶¶ 92-93.) The City declared there would be no exception to the clean shave policy because of OSHA regulations, which maintain any facial hair would impact the fit of the SCBA mask. (*Id.* ¶ 94-95.)

Plaintiffs sued. The Third Amended Complaint, the operative Complaint, contains claims of disparate treatment (Count I) and disparate impact (Count II) under Title VII of the Civil Rights Act of 1964, and claims of disparate treatment (Count III) and disparate impact (Count IV) under the Americans with Disabilities Act Amendments Act ("ADAAA").[2] The City timely filed an Answer and filed a motion for judgment on the pleadings.

---

[2] Congress overhauled the Americans with Disabilities Act ("ADA") by enacting the Americans with Disability Act Amendments Act of 2008. *Mazzeo v. Color Resols.*

III.   Standard of Review

Rule 12(c) governs motions for judgment on the pleadings: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Put differently, judgment on the pleadings will be granted "only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (citation omitted). To determine whether a party is entitled to judgment on the pleadings, the court must accept all material facts alleged in the non-moving party's pleading as true and view those facts in a light most favorable to the non-moving party. *Perez*, 774 F.3d at 1335 (citation omitted).

IV.   Analysis

At issue is whether the City discriminated against Plaintiffs when it required firefighters with PFB, which primarily affects African American men, to be clean shaven. Plaintiffs allege race discrimination in violation of Title VII

---

*Int'l, LLC*, 746 F.3d 1264, 1267 (11th Cir. 2014). For consistency, this Court will refer to these collectively as the ADA.

5

of the Civil Rights Act of 1964 (Counts I and II) and disability discrimination under the ADA (Counts III and IV). (Dkt. 28 ¶ 77.)

a. Standing

First, this Court must address the City's argument that eleven Plaintiffs lack standing. These Plaintiffs lack standing because they have improperly "piggybacked" their claims, or they were retired from JFRD.

Both the ADA and Title VII require the pre-suit filing of a complaint with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). Once the EEOC issues a right to sue letter, a plaintiff has ninety days to bring a lawsuit. *Id.* Alternatively, a plaintiff can "piggyback" on a timely and valid charge filed by another plaintiff in the same lawsuit. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1101 (11th Cir. 1996) ("under some circumstances, a grievant who did not file an EEOC charge may opt into a class action by 'piggybacking' onto a timely charge filed by one of the named plaintiffs in the class action."); *see also Bettcher v. Brown Sch., Inc.*, 262 F.3d 492, 495 (5th Cir. 2001) ("[N]o circuit court has ever authorized piggybacking on an EEOC charge when the individual who filed the charge never actually filed suit . . . ."). The Eleventh Circuit extended this concept to plaintiffs in multiple-plaintiff, non-class action lawsuits, and Title VII cases. *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993) (citing *Crawford v. United States Steel Corp.,* 660 F.2d 663, 665–66 (5th Cir. Unit B 1981)).

6

Eighteen Plaintiffs filed charges of discrimination with the EEOC in January 2016. (Dkt. 28 ¶¶ 20, 22-23, 25, 27, 29-30, 31, 34-38, 40-41, 43, 46-47.) The Jacksonville Brotherhood of Firefighters ("JBF") filed a Charge of Discrimination with the EEOC on February 4, 2016. (*Id.* ¶ 19.) Nine Plaintiffs in the Third Amended Complaint neither filed a charge with the EEOC nor received a right to sue letter.[3] (*Id.* ¶¶ 24, 26, 28, 32-33, 39, 44-45, 48.) Instead, those Plaintiffs "piggyback" on the Charge of Discrimination filed by the JBF. (*Id.* ¶¶ 24, 26, 28, 32-33, 39, 44-45, 48.)

The JBF is not a named plaintiff in this case. Because single-filing requires the individual who filed the charge with the EEOC to be a named plaintiff in the suit, Plaintiffs at issue lack standing. Accordingly, those Plaintiffs will be dismissed. This Court declines to address the issue of retirement as to James Edwards and James McKinney because these individuals lack standing as discussed above.

As to Rickey Adams, and Warren Powell, this Court reaches a different conclusion. Adams filed a timely Charge of Discrimination with the EEOC, and the EEOC issued a Dismissal and Notice of Rights. (*Id.* ¶¶ 51, 66.) As to Powell, the Third Amended Complaint provides he is "similarly situated to the class of

---

[3] Those individuals are Johnnie Buchanan; James Edwards; James Fields; Milton Hannon; Ricky Hicks; James McKinney; Howard Smothers, Jr.; Roderick Spann; and Alphonso Jenkings-Young.

7

employees identified in the timely filed Charge of Discrimination," indicating he did not file his own. (*Id.* ¶ 42.) Yet the Third Amended Complaint states Powell received his own individual Dismissal and Notice of Rights. (*Id.* ¶ 66.) Viewing these facts in a light most favorable to the non-moving party, this Court finds Powell independently sought relief with the EEOC. Because these Plaintiffs received their own individual Dismissal and Notice of Rights letter from the EEOC, and are not piggybacking on the JBF, this Court finds they have standing.

### b. ADA

The City maintains two federal courts of appeal have ruled in factually similar cases that claims under the ADA are not viable. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1114 (11th Cir. 1993); *Bey v. City of New York*, 999 F.3d 157, 167 (2d Cir. 2021). The City alleges that while the ADA may require an employer to offer a reasonable accommodation, the accommodation is not reasonable if it is prohibited by a binding safety regulation. Plaintiffs attempt to distinguish these cases, explaining they provide evidence of a reasonable accommodation.

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.

§ 12112(a). Discriminating against a qualified individual based on disability includes an employer's failure to make reasonable accommodations. *Id.* § 12112(b).

A plaintiff advancing a claim of employment discrimination under the ADA must make a prima facie case establishing, "(1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability." *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). "[T]he burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable." *Terrell v. USAir*, 132 F.3d 621, 624 (11th Cir. 1998).

The ADA is not without limitations. Congress knew when it enacted the ADA that certain federal safety rules would limit its application as a matter of law. *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 573 (1999). Congress recognized the need for a defense to liability under the ADA based on other laws and regulations. *Id.* at 570 n.16; *see* 29 C.F.R. § 1630.15(e) (explaining, "It may be a defense to a charge of discrimination under this part that a

9

challenged action is required or necessitated by another Federal law or regulation . . . .").

Courts have reviewed the interplay between federal safety regulations and the ADA's requirements on employers. In *Bey*, the Second Circuit evaluated the New York City Fire Department's ("NYFD") decision to rescind an accommodation for PFB under the ADA. *Bey*, 999 F.3d at 167. The City of New York offered a medical accommodation to firefighters with PFB, permitting those individuals to have closely cropped beards. *Id.* at 161. After a review of the plan several years later, the NYFD rescinded the accommodation citing OSHA regulations. *Id.* at 162. The firefighters sued under the ADA and Title VII.[4] *Id.* at 161.

The Second Circuit determined the proposed accommodation, allowing minimal facial hair, did not satisfy the reasonable accommodation standard because of the OSHA regulations. *Bey*, 999 F.3d at 165, 169. In rendering this conclusion, the court found an accommodation is not reasonable within the ADA, "if it is specifically prohibited by a binding safety regulation promulgated by a federal agency." *Id.* at 168. Stated otherwise, an employer cannot be held

---

[4] According to OSHA's website, New York has an OSHA-approved State Plan that covers state and local government workers. *State Plans*, United States Dep't. of Labor, Occupational Safety & Health Admin., https://www.osha.gov/stateplans (last visited January 10, 2023). The State of New York adopted all OSHA regulations as part of its State Plan. N.Y. Lab. Law § 27-a.

liable for failing to offer an accommodation that is expressly prohibited by law. *Id; see also Coffey v. Norfolk S. Ry. Co.*, 23 F.4th 332, 340 (4th Cir. 2022). *But see Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 863 (9th Cir. 2009) (finding federal regulation did not specify the content of medical evaluations and thus a defense that federal regulation required employer's action failed because employer had discretion to craft an exam that could comply with the ADA); *Miller v. Whirlpool Corp.*, 807 F. Supp. 2d 684, 688 (N.D. Ohio 2011).

Prior to *Bey*, the Eleventh Circuit addressed in *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993) a factually similar case. Several African American firefighters afflicted with PFB sued the City of Atlanta under Title VII and § 504 of the Rehabilitation Act of 1973,[5] after it revoked its "shaving clinics" which accommodated persons with PFB. *Fitzpatrick*, 2 F.3d at 1114. Even though the City was not bound by the OSHA regulations, the Eleventh Circuit found the regulations were a "trustworthy bench mark" for assessing the City's claim of a business necessity.[6] *Fitzpatrick*, 2 F.3d at 1121, 1127. The

---

[5] The ADA became effective during the *Fitzpatrick* litigation. *See* Americans with Disabilities Act of 1990, Pub. L. No. 101–336, 104 Stat 327 (1990). The ADA and § 504 of the Rehabilitation Act of 1973 are treated similarly. *See Bragdon v. Abbott*, 524 U.S. 624, 632 (1998) (explaining "[t]he directive requires us to construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act.").

[6] Unlike New York, the State of Georgia has no OSHA-approved State Plan, so public employers, like the City of Atlanta, are not required to comply with OSHA regulations. *Id.* at 1121; *State Plans*, United States Dep't. of Labor, Occupational

court concluded OSHA regulations are a business necessity for firefighters because of the safety issues involved, and further found that any less-restrictive alternatives would not be adequately safe. *Id.* at 1121-22, 1127.

In both *Fitzpatrick* and *Bey*, plaintiffs argued the accommodations originally provided by the fire departments were reasonable because they did not cause safety incidents, and this reasonableness was enough to overcome the defendants' business necessity. Both courts rejected this argument. The Second Circuit, citing the Supreme Court's discussion in *Albertson's*[7], acknowledged that the FDNY can insist on strict adherence to a government safety regulation even though the previous policy did not result in any incidents. *Bey*, 999 F.3d at168. The Eleventh Circuit likewise explained, "the mere absence of unfortunate incidents is not sufficient to establish the safety of shadow beards." *Fitzpatrick*, 2 F.3d at 1120.

Here, the City maintains it cannot offer an accommodation to Plaintiffs with PFB because the proposed accommodation would defy OSHA regulations. As explained by the City, facial hair risks disturbing the tight seal between the face and SCBA mask which protects the firefighter from inhaling smoke or

---

Safety & Health Admin., https://www.osha.gov/stateplans (last visited January 10, 2023).

[7] The Second Circuit acknowledged *Albertson's* dealt with a claim of whether an individual was qualified for a job, not the reasonableness of an accommodation, but still found the argument persuasive. *Bey*, 999 F.3d at 168.

other toxic fumes when preforming job duties. A tight mask seal also prevents air from leaking increasing the length a firefighter is able to use the mask while fighting a fire.

Although Florida has no OSHA-approved State Plan, it has adopted OSHA regulations as its governing law. Akin to the FDNY in *Bey*, the City is compelled to comply with OSHA regulations because state law specifically adopts the federal regulations at issue.[8] Adopting Plaintiffs' proposed accommodation would cause the City to violate state law. Plaintiffs' proposed accommodation is not reasonable within the meaning of the ADA because it is specifically prohibited by a binding regulation. *Bey*, 999 F.3d at 165, 168-69. The federal regulations do not allow for individual consideration of facial hair that may interact with the SCBA seal; it prohibits all facial hair. There is no mechanism for the City to deviate.[9]

---

[8] Other courts have addressed similar disputes between firefighters and fire departments based on religion. These cases considered the applicability of binding OSHA regulations to the fire department. *Compare Hamilton v. City of New York*, 563 F. Supp. 3d 42, 55 (E.D.N.Y. 2021) (finding the FDNY "cannot be held liable for failing to offer an accommodation that is expressly prohibited by binding federal law."), *with Potter v. D.C.*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J., concurring) ("The OSHA regulation, to be sure, appears not to govern the District's firefighters.").

[9] While OSHA has issued guidance that certain sideburns or goatees may be proper while wearing the SCBA respirator, this guidance remains in line with the ultimate regulation itself. Thomas Galassi, *Standard Interpretations: Facial Hair and Respirator Fit*, United States Dep't. of Labor, Occupational Safety & Health Admin. (May 9, 2016), https://www.osha.gov/laws-regs/standardinterpretations/2016-05-09 (last visited January 10, 2023).

Plaintiffs' accommodation cannot coexist with the applicable OSHA regulation. Nor is the regulation broad enough to act as an umbrella under which the employer has some discretion on how best to meet the OSHA standard. *See Rohr*, 555 F.3d at 863; *Miller*, 807 F. Supp. 2d at 689. Instead, the regulation is specific and strictly prohibits facial hair to ensure the SCBA seal is secure to protect the employee in environments of extreme hazard. This is a situation, as discussed in *Albertsons's* and *Bey*, when the guarantees of the ADA must yield to a federal safety regulation.

Plaintiffs' accommodation and argument hinges on allowing them to grow facial hair, even if only minimally, between the mask and the wearer's face. Yet the federal OSHA regulation-adopted by Florida-prohibits facial hair between the sealing surface of the mask and the face. Accordingly, Plaintiffs cannot fulfill their burden, and this Court finds judgment for the City on Counts III and IV.

### c. Title VII

Plaintiffs' Complaint presents two Title VII claims: disparate treatment (Count I) and disparate impact (Count II). The City maintains applicable OSHA regulations bar Plaintiffs claim under Title VII.

Title VII prohibits both intentional discrimination (known as "disparate treatment") and those practices that inadvertently have a disproportionately adverse effect on minorities (known as "disparate impact"). *Ricci v. DeStefano*,

14

557 U.S. 557, 577 (2009). Under a disparate impact claim, the plaintiff holds the initial burden to show "a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(k)(1)(A)(i); *Ricci*, 557 U.S. at 578. An employer may defend against liability by demonstrating the practice is "job related for the position in question and consistent with business necessity." 557 U.S. at 578. A plaintiff may still succeed by "showing that the employer refuses to adopt an available alternative employment practice that has less disparate impact and serves the employer's legitimate needs." *Id. See* § 2000e–2(k)(1)(A)(ii).

A disparate treatment claim also requires a plaintiff show the defendant "had a discriminatory intent or motive." *Ricci*, 557 U.S. at 577. This is because Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." § 2000e–2(a)(1). The employer may rebut the plaintiff's claim by producing some evidence it had legitimate, nondiscriminatory reasons for the decision. *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 986 (1988). "If the defendant carries this burden of production, the plaintiff must prove by a preponderance of all the evidence in the case that the legitimate reasons offered by the defendant were a pretext for discrimination." *Id.*

This Court finds these claims meet the same fate as Plaintiffs' ADA claims. Title VII does not require employers to depart from binding federal regulations. *Bey*, 999 F.3d at 170. Legally binding federal regulations present a complete defense. *Id.* at 171. This is so because Plaintiffs cannot overcome their burden of showing that JFRD refuses to adopt an available alternative employment practice. The OSHA regulation in question strictly prohibits any facial hair between the mask and the wearer's face. Thus, any proposed alternative involving even a scant amount of facial hair would not be an available alternative. As noted in *Bey*, there is no less restrictive method to overcome the regulation as written. *Id.* at 170 n.9. Because the City is required to comply with the OSHA regulations adopted by Florida law, Plaintiffs' claims fail. This Court finds judgment for the City on Counts I and II.

V.    Conclusion

For the above reasons, this Court concludes judgment for the City is warranted as to Plaintiffs' claims of disparate treatment (Count I) and disparate impact (Count II) under Title VII and claims of disparate treatment (Count III) and disparate impact (Count IV) under the ADA. Furthermore, the nine Plaintiffs who failed to file charges of discrimination with the EEOC are without standing to bring this suit. Accordingly, the City's motion for judgment on the pleadings is granted as explained above. As the court in *Bey* recognized, the better course is to resolve this issue with OSHA. *Bey*, 999 F.3d at 169.

16

Accordingly, it is **ORDERED**:

1.) The City of Jacksonville's "Motion for Judgment on the Pleadings and Supporting Memorandum of Law" (Dkt. 35) is **GRANTED** as detailed above;

2.) The City's Motion is **DENIED** as to the dismissal of Plaintiffs Rickey Adams and Warren Powell;

3.) These Plaintiffs are **DISMISSED** for lack of standing:   Johnnie Buchanan, James Edwards, James Fields, Milton Hannon, Ricky Hicks, James McKinney, Howard Smothers, Jr., Roderick Spann, Alphonso Jenkings-Young; and

4.) The Clerk is directed to terminate all motions and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _13_ day of January, 2023.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

Sean Granat, Esq.
Adina Teodorescu, Esq.
Sonya Harrell, Esq.
Laura Boeckman, Esq.
Anthony J. Hall, Esq.
Bruce Antoine Mount, Jr., Esq.
Julien Winston Maynard, Esq.